RHEIN v. MILLER et al.

(City Court of New York, General Term.  April 5, 1900.)

1. LANDLORD AND TENANT—CONSTRUCTION OF LEASE.
    A provision, in a lease of a basement having an entrance from the streets, that the lessee should have the privilege of making all necessary alterations, relates to the use of the demised premises, and does not authorize the use of the rest of the building for the exercise of such privilege.

2. SAME—USE OF PREMISES RETAINED BY LESSOR.
    Where the lease of a basement having an entrance from the street contains no provision for the use of the lessor's entrance on the ground floor of the building or of the elevator therein, an instruction, in an action for the use thereof, that defendant's contractors had a right, under the lease, to enter on the lessor's premises to install a plant in the basement for the lessee, and to use so much of such premises as was necessary therefor, is properly refused.

3. APPEAL—REVIEW OF VERDICT.
    Where a case is submitted to the jury on a conflict of evidence on a charge to which no exception was taken, and which correctly defined the issue, the verdict will not be disturbed on appeal.

Appeal from trial term.

Action by Nathan Rhein against John D. Miller and another to recover for the use of plaintiff's premises at an agreed compensation. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McCARTHY and O'DWYER, JJ.

Warren, Boothby & Warren, for appellants.
Oppenheim & Severance, for respondent.

O'DWYER, J. On September 23, 1896, the respondent was the occupant of the whole of the premises known as No. 2283 Eighth avenue, in the city of New York, and on that day, by an indenture in writing, leased to the Mt. Morris Electric Light Company the entire basement, and a space in the rear, and on the south side of the store floor, about 10 or 12 feet wide, and 12 or 14 feet long. There was an entrance to the basement from the street. The lease provided as follows:

"Said premises to be used for electric light purposes. It is hereby expressly agreed and understood that said party of the second part is to have the privilege of making all alterations it deems necessary at its own expense, and also to place in such boilers and machinery as it may think necessary."

Subsequently, and on or about October 14, 1896, the defendants entered into a contract with the Mt. Morris Electric Light Company to install a plant into the demised premises. On the trial the plaintiff testified that some time in October, 1896, after the defendants took the contract from the electric light company, and desiring to use the plaintiff's front and rear entrance on the ground store floor, and his elevator, the defendant Ludeman agreed to pay him $5 a day for the time they had such use. The defendants used the entrances and elevator for a period of 79 days, and it was for the amount due for that use for the said period, at $5 a day, that the action is brought.

The defendant Ludeman, after denying that he made the agreement testified to by the plaintiff, and that during the progress of the work he promised to pay the plaintiff, stated the only conversation he had with plaintiff was on the sidewalk in front of the premises, and thus described what took place on that occasion:

"He said he wanted to do everything he could for the Mt. Morris Company, so they could get their plant installed quickly and conveniently, and for himself as soon as possible; and I said, 'If that is so, we would like the use of elevator.' He said that would be all right. I said, 'If that is so, Mr. Rhein, for any slight inconvenience we put you to in this thing we will pay you five dollars.' He said that would be satisfactory. And from that on until the work was finished I don't remember of a word being said to him about that elevator."

The plaintiff was corroborated by the witness Lewis Rhein, and the defendant by the witness Langley.

Under the lease, the defendants, who were contractors, had no right to the use of plaintiff's premises without compensation therefor. It is true the lease provided that the electric light company had the privilege of making all alterations necessary for their purpose, but this permission related to the use of the demised premises, and not to the use of the plaintiff's premises. There was no provision in the lease for the use of plaintiff's entrances to his store and of his elevator, and the court properly refused to charge the jury that, under the lease, the defendants had a right to enter upon the premises to install the plant, and to use so much of the premises as were necessary therefor.

The exceptions to the rulings upon the admission and exclusion of evidence had been examined, but do not present reversible error. Upon the conflict of evidence the learned trial judge, in a charge to which no exception was taken, and which correctly defined the issue, submitted the case to the jury, and with their determination we see no reason to interfere.

Judgment and order appealed from affirmed, with costs.

McCARTHY, J., concurs.